IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRADLEY BURCHFIELD                                                          PETITIONER

v.                                    Case No. 4:21-cv-04018

DEXTER PAYNE, Director,                                                     RESPONDENT
Arkansas Department of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner is Bradley Burchfield ("Burchfield").  On March 5, 2021, Burchfield filed the current Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent Payne filed a response on June 21, 2021.  ECF No. 10.  This matter is now ripe for consideration.

This Petition was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Petition and Response and finds this Petition should be **DENIED.**

**1.     Procedural Background[1]**:

Burchfield is currently on parole[2] from a conviction and sentence from 2016 in Sevier County, Arkansas.  On October 20, 2016, Burchfield pled guilty to possession of methamphetamine and to possession of drug paraphernalia in the Sevier County Circuit Court.  He was sentenced to 72 months for one conviction and 48 months for the other conviction for a total of ten years in the penitentiary.  Burchfield did not appeal.  In Arkansas, a defendant convicted of a criminal offense has thirty (30) days to file his notice of appeal.  *See* ARK.R.APP.P.–CRIM. 2(a).  Accordingly, Burchfield's conviction and sentence became final on November 20, 2016.

---

[1] The "Procedural Background" is taken from the docket and the documents filed in this case.
[2] Because he is still on parole, Respondent Payne concedes he is still "in custody" for purposes of this petition.

1

On December 12, 2016, Burchfield filed a motion to correct an illegal sentence and a Rule 37 Petition. Both were dismissed on December 19, 2016, by the Sevier County Circuit Court. ECF No. 10-5. Burchfield did not appeal this dismissal. ECF No. 10, p. 2.

It appears Burchfield then took no action for nearly three years. Thereafter, in December of 2019, Burchfield filed a second petition to correct an illegal sentence in the Sevier County Circuit Court. Burchfield also filed a petition for a writ of *habeas corpus* in Sevier County Circuit Court in November of 2020. Both are still pending. ECF No. 10, p. 3.

On March 5, 2021, Burchfield filed the current petition. ECF No. 1. With this petition, Burchfield requests he be released from parole because he has paid all of the fees, fines and costs associated with his conviction. ECF No. 1 at 14. Specifically, in his petition, he described the relief sought as follows: "vacate the remaining time on parole as fees, costs, and fines have been paid." *Id.* On June 21, 2021, Respondent Payne timely responded. ECF No. 10. In this response, Respondent Payne claims this action is time-barred and should be dismissed. This matter is now ripe for consideration.

**2.      Applicable Law**:

Burchfield seeks *habeas* review of a state-court conviction and sentence in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. In the interests of finality and federalism, a federal *habeas* court is constrained by statute to exercise only a "limited and deferential review of underlying state-court decisions." *See, e.g., Whitehead v. Dormire,* 340 F.3d 532, 536 (8th Cir. 2003). The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow,* 134 S. Ct. 10, 16 (2013).

A federal court reviewing a state-court merits ruling of a federal question may grant *habeas-corpus* relief only if the state's adjudication "(1) resulted in a decision that was contrary to, or an unreasonable application of, clearly stablished Federal law, as determined by the Supreme Court of

the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Review under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *See Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). Under § 2254(d)(2), a decision adjudicated on the merits in a state court based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *See, e.g., Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). In making this determination, factual findings by the state courts are presumed correct absent clear and convincing evidence to the contrary. *Id.;* 28 U.S.C. § 2254(e)(1).

3. **Discussion**:

Respondent Payne claims this action is time-barred and should be dismissed under the AEDPA. Upon review and consistent with the foregoing, the Court agrees and finds as follows:

    A.    **One-Year Statute of Limitations**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law. A one-year statute of limitations was enacted for motions to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2254. In general, a movant for collateral relief has one year from "the date on which the judgment became final" to file a motion challenging his conviction.

As a preliminary matter, it is clear the one-year time limit for filing this 2254 petition expired on November 20, 2017, one year after his conviction and sentence became final. However, giving every benefit of the doubt to the Petitioner, the Court notes that in the present action, Burchfield's claim is that he has paid all of his fines, costs, and fees in their entirety and is therefore entitled to be released from parole. *See* ECF No. 1. For purposes of its analysis here, the Court

will assume without deciding that this statement by Burchfield is true.  Pursuant to 28 U.S.C. § 2244(d)(1), the one-year time limitation for filing a state prisoner's federal habeas petition "shall run from the latest of" four triggering events.  One of these events is that the limitations period shall run from the date on which the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  According to the docket in this case, Burchfield paid all of these fines, costs, and fees by October 18, 2019.  ECF No. 10-6.  Thus, at the very latest, the statute of limitations began to run on that date, and Burchfield was required to file his petition one year later, or by October 18, 2020.

In the present action, Burchfield filed his petition on March 5, 2021.  ECF No. 1.  Thus, even assuming Burchfield became aware of his claim on October 18, 2019, it was untimely filed.  Accordingly, unless an exception to this statute of limitations or a tolling provision applies, the Court lacks jurisdiction to consider the merits of his petition.

    **B.**     **Tolling of the Statute of Limitations**

Burchfield's claims are barred by the limitations period unless he can establish this period was tolled.  Burchfield has not provided which tolling provisions apply; thus, the Court will consider the relevant provisions.

One such tolling provision allows this statute of limitations to be tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).  Here, the motion to correct illegal sentence and *habeas* petition currently pending in Arkansas state court do not operate to toll the limitations period.  Indeed, the motion to correct his illegal sentence should have been filed within ninety days of his sentence, or by January 18, 2017.  *See* Ark. Code Ann. § 16-90-111(b).

Furthermore, his *habeas* petition in Arkansas state court was filed in 2019, after the expiration of Burchfield's federal limitations period.  Such post-conviction petitions filed after the

4

statute of limitations for filing a *habeas* petition has expired cannot toll the already-expired federal statute of limitations. *See Curtiss v. Mt. Pleasant Correctional Facility,* 338 F.3d 851, 854 (8th Cir. 2003). Thus, there is no "properly filed application" that tolls the statute of limitations in this action.

As for equitable tolling, Burchfield is only entitled to this tolling if "he shows . . . that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" to prevent timely filing. *See Holland v. Florida,* 560 U.S. 631, 645 (2010). While the diligence required for equitable tolling is "not maximum feasible diligence," reasonable diligence is required. *See id.* at 653. In the present action, Burchfield's petition does not establish he acted with any due diligence in pursuing the timely filing of this *habeas* petition.

Similarly, Burchfield's petition does not demonstrate any extraordinary circumstance beyond his control made it impossible for him to file a petition before the statute of limitations ran. *See, e.g., Runyan v. Burt,* 521 F.3d 942, 945 (8th Cir. 2008). Burchfield has not demonstrated or even claimed that anything external to him or not attributable to his own actions was the cause of his delay. Therefore, AEDPA's one-year statute of limitation applies in this case, and Burchfield's § 2254 petition is untimely and should be dismissed.

**C.** **Federal Rights at Issue**

Even if Burchfield's petition were timely filed, it does not appear to raise any claim that his rights under the United States Constitution, or laws of the United States have been violated. There is no federal constitutional or statutory right to be released from a lawfully imposed sentence simply because all fines and costs may have been paid. Burchfield cites no authority for such right and Court can find no such authority. "A petitioner must state specific, particularized facts which entitle him or her to *habeas corpus* relief for each ground specified." *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Burchfield has not stated any facts which support his claim for relief. As such,

even if this case were not time-barred, Burchfield has not alleged the violation of any federal right and the case should be dismissed.

4. **Conclusion**:

Burchfield's Motion is time-barred under the AEDPA one-year statute of limitations. At the very latest, he was required to file his petition by October 18, 2020. Here, Burchfield waited beyond this period, or until March 5, 2021, to file this petition. Thus, this Court has no jurisdiction over this petition.

5. **Recommendation**:

Accordingly, based on the foregoing, the Court recommends the instant petition (ECF No. 1) be **DENIED** and dismissed with prejudice.[2] The Court further recommends no Certificate of Appealability issue in this matter.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 2nd day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart*, 726 F.2d 1316, 1318-19 (8th Cir.1984).